IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned January 3, 2012

## FREDERICA APRIL DAWN BELL v. DENNIS LYNN BELL

**Appeal from the Chancery Court for Humphreys County**
**No. CH03237     Robert E. Burch, Judge**

_____

**No. M2011-02618-COA-R3-CV - Filed January 6, 2012**

_____

This is an appeal from an order returning temporary custody of the parties' child to the father pending a further hearing. Because the order appealed does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., FRANK G. CLEMENT, JR., ANDY D. BENNETT, JJ.

**MEMORANDUM OPINION**[1]

The mother in this post-divorce custody dispute has appealed from an order entered on November 28, 2011, returning temporary custody of the parties' child to the father. The father has filed a motion to dismiss the appeal for lack of a final judgment. The mother has filed a response in opposition to the motion to dismiss.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates

---

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The November 28, 2011 order does not dispose of all the claims between the parties. The order merely returned "temporary custody" to the father "pending a further hearing." All other matters were "reserved pending a further hearing." The issues remaining before the trial court appear to include both contempt issues and a final custody determination. Accordingly, the November 28, 2011 order is not a final judgment and is not subject to an appeal as of right pursuant to Tenn. R. App. P. 3.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to the Frederica April Dawn Bell and her surety for which execution may issue.

PER CURIAM